United States District Court     Southern District of Texas

| | | |
|---|---|---|
| Dealer Computer Services, Inc., | § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-08-1865 |
| Hammonasset Ford Lincoln-Mercury, Inc., | § § § | |
| Defendant. | § | |

## Opinion on Confirmation

1. *Introduction.*

   A car dealer arbitrated its dispute with its computer service company for breach of contract. The panel awarded the dealer damages, attorney fees, and expert-witness fees. The computer company contests the validity of the award. Because the panel neither exceeded its authority nor manifestly disregarded the law, the arbitration award will be confirmed.

2. *The Contract.*

   In May 1993, Computer and Ford signed a long-term service contract for a system that integrated all aspects of the dealer's business, including sales, leases, insurance, parts, service, inventory, and accounting. The parties extended the contract several times, with a final extension until April 2011.

   Computer agreed to supply software support and upgrades. Ford acknowledged that the software upgrades might require changes to the computer system, and it agreed to change those things at its cost. Ford also agreed to revise the operating system and use the software within thirty days of receipt. The parties agreed to arbitrate disputes using the commercial rules of the American Arbitration Association. Michigan law governed the contract.

3. *Breach.*

In late 2006, Computer insisted Ford replace its computer server at an approximate cost of $100,000 for a new version of the software. Ford refused. After Ford hired a competitor, Computer quit performing, declared a default, and accelerated the contract.

4. *Arbitration.*

Ford filed an arbitration demand. The panel found Computer breached the contract four ways. The panel found: (a) the new software should have worked on the existing system but did not; (b) the purchase of new equipment was a replacement of the computer system rather than a change to it; (c) the contract required only that Ford change, not replace, the computer as a necessary cost for new, enhanced software; and (d) Computer improperly accelerated Ford's obligations under the contract.

The panel awarded Ford $297,567.59 including: (a) damages of $50,411.78, the amount Ford paid Computer for December 2006 through March 2007; (b) costs of $9,371.97; (c) expert-witness fees of $73,450.00; (d) attorney fees of $120,327.00; and (e) reimbursement of administrative fees totaling $44,006.84.

Computer moved to vacate the award and served Ford. Ford moved to dismiss Computer's petition for a lack of jurisdiction because it served Ford six days after the statutory period for vacatur. The court denied Ford's motion because the failure to meet the statutory deadline did not deprive the court of subject jurisdiction; however, the court acknowledged the statute of limitations was available as an affirmative defense. With leave, Ford amended its original answer to assert its defense of limitations. It did.

5. *Review.*

Under the Federal Arbitration Act, a court may vacate an arbitration award when the arbitrators exceed their powers. 9 U.S.C. § 10(a)(4). They exceed their authority when they manifestly disregard the law and the award results in a significant injustice. A court will not vacate an award simply because the arbitrator applied the law incorrectly; rather, the arbitrator

must be aware of a governing legal principle and choose to ignore it. *Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 355-56 (5th Cir. 2004). *See also Wilko v. Swan*, 346 U.S. 427, 436-37 (1953).

6.  *Limitations.*

Computer served Ford outside the statutory window. A party seeking to vacate an arbitration award must serve the adverse party within three months of the award. 9 U.S.C. § 12. The panel delivered the award on March 12, 2008. Computer filed the motion to vacate on June 10, 2008, two days before the expiration of the statutory period, but it did not serve Ford until June 18, 2008, six days after the expiration of the three months allowed. Although Ford did not assert limitations as an affirmative defense in its initial answer, it got leave to amend its answer, and it has properly asserted the defense of limitation. Limitation bars Computer from moving to vacate the arbitration award. Alternatively, if the motion were not late, it would still fail.

7.  *Manifest Disregard and Exceeded Authority.*

In its award, the panel found for Ford on four independent grounds. To support vacatur, Computer must show that the panel erred categorically on all four grounds. It has not. The panel did not manifestly disregard the law, nor did it exceed its authority.

8.  *Unsubmitted Claims.*

Computer argues the panel errantly considered a breach of warranty because the panel said Computer "warranted" the software to perform. Although the panel said Computer warranted that the software would perform on the existing machines and with the existing operating systems, it ultimately concluded Computer breached the contract. The panel neither introduced nor considered a breach of warranty claim. Ford submitted a breach of contract claim. The panel prefaced its findings and based its award on breach of contract. The conclusion that the software should have run on the existing server was a consequence of the

panel's finding that the contract only required Ford to change its system to allow the software to work. If Computer could not force Ford to replace its system, then, under the contract, new software should have worked on the existing server.

Computer also argues the panel considered untimely claims from Ford. It argues Ford altered its theory of breach of contract in its later filings to the panel; however, Computer knew did not object to Ford's filings. The commercial rules say that a party waives its objection if it continues to arbitrate without objecting in writing. By not raising its objections to the panel, Computer waived them. Computer argued against the construction of the contract adopted by the panel, and cannot now claim surprise because the arbitrators sided with Ford's interpretation.

If Computer disagreed with the way the panel handled the arbitration, Computer could have requested that the panel re-open the hearing between February 11, 2008, when the panel ended the hearing, and March 12, 2008, when the panel issued the award. Computer did not.

The fundamental dispute between the parties remained the same. Although the panel's award did not repeat verbatim Ford's initial claim, it resolved the premise of the dispute.

9. *Conflicts.*

Computer next argues the panel erred by treating the contract as both rescinded and in effect, saying this violates basic contract law. Computer claims the contract was repudiated because the panel found for Ford on breach of contract. Computer then argues that the panel's ruling for Ford on a breach of warranty means instead that the contract is still in effect.

The panel consistently concluded that the new software should have operated on the existing server after modification, not requiring Ford to replace its server. The panel's conclusions complement rather than contradict one another.

10.   *Misinterpretation.*

Computer complains that the panel misinterpreted the contract. Specifically, Computer asserts that (a) it was not obliged to service old software and (b) Ford breached the contract by not upgrading its computer system.

The parties bargained for the interpretation of the panel, not this court. For this reason, the court will defer to a reasonable interpretation of the panel even if it would interpret the contract differently. *United Steelworkers of Am. v. Enter. Wheel and Car Corp.*, 363 U.S. 593, 599 (1960).

The panel reasonably interpreted the contract in adjudicating Ford's claim. The panel decided that the contract required Computer's software to work on the server. Under the panel's interpretation, Computer needed either to give Ford software that would work on the existing server or to support the existing software. Given that interpretation, Ford did not breach the contract by refusing to replace its server. It was never obliged to do so.

Computer cannot now claim the panel exceeded its authority because it disagrees with the panel's interpretation of the contract. Computer and Ford asked the panel to interpret the contract. It did. The panel's interpretation and award are reasonable based upon the facts presented to the panel, and the court will not replace that interpretation with its own. Misinterpretation is not exceeding their warrant; choosing one of two plausible interpretations offered by the parties cannot be error much less renegade.

11.   *Fees.*

Computer says the panel erred in awarding attorney fees. The contract specified that Michigan law applied. Michigan courts traditionally follow the American rule, not allowing attorney fees as costs unless a statute or court rule authorizes it. *Dessart v. Burak*, 678 N.W.2d 615, 617-18 (Mich. 2004). Other than allowing an award of attorney fees to Computer in the case of default, the contract was silent on attorney fees. The parties agreed to settle disputes using the commercial rules of the American Arbitration Association. Rule R-43(d)(ii) allows an award of attorney fees if both parties requested it.

Both parties requested attorney fees. The arbitration rules explicitly recognize the right to attorney fees in this situation, and the contract does not say otherwise. Computer did not object to Ford's request during the arbitration. The panel acted within its authority in awarding Ford attorney fees.

Computer argues that the panel erred in awarding Ford fees for expert witnesses. The contract is silent about witness fees. Under Rule R-50 of the commercial rules, each party pays for the expenses of its witnesses. Rule R-43(c) allows the arbitrators to apportion those fees as the arbitrators decide. Given the latitude in Rules R-43(c) and R-50, the award was assessed within the arbitrators' discretion..

13. *Conclusion.*

The arbitration panel acted within the scope of its authority and reasonably applied the law. The record reveals neither manifest disregard of the law by the panel nor substantial injustice. The panel determined that Computer breached the contract by refusing to update or support the software unless Ford replaced its server. This is a reasonable interpretation of the contract and the award is well within the panel's authority.

Furthermore, regardless of its merits, Computer's motion is barred because it failed to meet the statute of limitation for moving to vacate the arbitration award. Computer's motion to vacate the arbitration award will be denied and Ford's cross-motion to confirm the award will be granted. Costs of this litigation will follow the award: Attorney fees and expenses will be assessed against Computer.

Signed on December 22, 2008, at Houston, Texas.

Lynn N. Hughes USDJ
United States District Judge